## THE KING *vs.* AWANA.

EXCEPTIONS FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT.

APRIL TERM, 1888.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

A Circuit Judge at Chambers in a criminal case has no authority to grant a new trial in his own Court on the ground of newly discovered testimony.

OPINION OF THE COURT, BY JUDD, C.J.

It appears that the defendant was convicted of the offense of selling spirituous liquor without a license, on his appeal before Circuit Judge Richardson of the Second Judicial Circuit. He thereupon asked to have an appeal allowed to the Circuit Court with a jury. On this being refused he moved for a new trial before the Circuit Judge on the ground that the conviction was contrary to law and the evidence, and the weight of the evidence and because of newly discovered evidence. This was declined by the Circuit Judge and the point of law appealed to the Circuit Court, which overruled the same, and exceptions were thereupon taken to this Court.

The only question raised is whether a Circuit Judge at Chambers has the authority in a criminal case, heard by him on appeal, to grant a new trial or to reopen the case after judgment for the purpose of hearing newly discovered evidence.

The argument is made that if by force of the statute of 1886, the Circuit Judge is the Court of last resort by appeal on the facts in a criminal case, he ought to have the power to grant a new trial.

We know of no authority by which a Circuit Judge can, after judgment, re-open a criminal case which he has tried on the facts, or grant a new trial. No criminal case can come before him except by appeal from a District or Police Justice, which presumes a trial before such Court. Such Court, as well as the

Appellate Court of the Circuit Judge at Chambers, has the power to grant continuances for the obtaining of necessary evidence, and with the fresh opportunity for strengthening his case, which the appellant has on the trial before the Circuit Judge, the Legislature has said that this must suffice.

By taking his appeal to the Circuit Judge the accused has waived his right to have his case go to the higher Court on the facts, where if he is convicted, he may have a new trial, if so ordered by the Supreme Court. It is claimed that great injustice might be done by a ruling which gives no relief from the judgment of a Circuit Judge. For, it is urged, a person might be convicted npon no evidence at all, or upon illegal evidence. An appeal on the law is still open to the defendant in such cases, for it would be an error of law to sentence a defendant upon no evidence or upon illegal evidence, and if an appeal on this point of law was lost, a writ of *certiorari* could be sued out.

The exceptions are overruled.

*A. P. Peterson* (Deputy Attorney-General), for prosecution.

*W. A. Kinney*, for defendant.